*EESTERN DIS.*
*March, 1833.*

PEMBERTON
*vs.*
ZACHARIE
ET ALS.

### SAME CASE.

The question as to the obligation of Theodore Zacharie having, by consent, been reserved, the opinion of the court thereon was, during the present term, delivered by PORTER, J.

The parties have consented to the examination of this case on a matter presented by the answer of the appellee to the petition of appeal, but not embraced by the points filed in the cause.

It relates to the obligation of one of the defendants, Theodore Zacharie. It is contended, that by the terms of the act of adjudication, or sale of the property, of the estate of his

EASTERN DIS.
March, 1833.
PEMBERTON
vs.
ZACHARIE.
ET ALS.

ancestor, at which he became the purchaser, he bound himself personally for the discharge of the debt now sued for, and that the judgment of the court below should have been against him *in solido* for the whole amount of the plaintiff's claim.

A reference to the contract relied on by the plaintiff, shows that the defendant, Theodore Zacharie, undertook to perform the obligations which his mother had assumed in virtue of her contract with Erwin; and one of these was to pay the price of the property purchased from the plaintiff.

But it is contended that this was matter *res inter alios acta*, and the plaintiff cannot claim the benefit of stipulation, more especially as the Spanish laws were repealed at the time when the contract took place. And it is assumed that it was solely under them that a third party can claim the benefit of a promise in his favor, when made to a third person.

A person may stipulate in favor of a third party, and if the latter avail himself of the advantage in his favor, it cannot be revoked.

But this assumption is, in our understanding of the law, entirely erroneous. By the provisions both of our old and new Code, a person may stipulate in favor of a third party; and if the latter avail himself of the advantage in his favor, it cannot be revoked. This subject was very fully examined in the case of *Duchamp et als.* vs. *Nicholson.* And it was there decided, that no matter how the question stood under the Roman and Spanish laws, there could be no doubt that by the provisions of our Code, the right just spoken of was confirmed. *Old Code,* 264, art. 20. *Louisiana Code,* 1884. 2 *N. S.* 676. The former judgment of this court, therefore, must be amended to meet this view of the case.

And it is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and proceeding to give such judgment here as ought to have been rendered in the court below, it is decreed and ordered, that the plaintiff do recover *in solido* of Lavinia Erwin, and the heirs of Joseph Erwin, of the heirs of widow Zacharie, the sum of twenty thousand and five dollars, with interest at the rate of five per centum per annum, from March 30, 1830, until paid; and on the other sum of ten thousand dollars, interest at the same rate, from March 30,

EASTERN DIS.
March, 1833.

PEMBERTON
vs.
ZACHARIE.
ET ALS.

1831, until paid, and costs of suit. And it is further ordered and decreed, that said judgment as aforesaid, against Lavinia Erwin, and the heirs of Erwin, be paid and satisfied by them as follows; that is to say, the said Lavinia Erwin shall pay the one half thereof, and Lodicia, wife of William B. Robertson, Isaac Erwin, Elvira Erwin, widow of Nicholas Wilson, Anne Erwin, wife of Andrew Hynes; John B. Craighead, a natural tutor, J. Erwin Craighead, Thomas Craighead, John Erwin, Charles Henry Dickenson, grandson of Joseph Erwin, each for one-seventh part of the other half; and that the judgment so rendered against the heirs of Zacharie, shall be satisfied as follows: Philip Theodore Felix Zacharie, Harriet Sophia, wife of Howard Henderson, Elenora Eliza Rozelle Zacharie, James W. Zacharie, Richard Relf and Theodore Shields, each for one seventh part; and against the minors, David S. Zacharie Relf, John Sydney Relf, Daniel W. Cox Relf, James A. Relf, for the one-seventh part, if so much be inherited by them from their maternal grand mother, widow Zacharie, or for so much of said seventh part as they may so inherit; and it is further ordered, that the plantation and slaves mentioned in the petition, sold by the plaintiff to Joseph Erwin, by act dated March 27, 1821, before M. De Armas, notary public, said plantation situated in the parish of Iberville, about thirty leagues above this city on the right bank of the river Mississippi, having from fifteen to sixteen arpents in front on the said river, with the necessary depth to comprise the quantity of two thousand seven hundred and ninety-six superficial arpents, with the following slaves, to wit: Bernard, Lucib, Noel, Sandy, Molly, Celestin, Ive, Zenon, Octobre, Valentin, Apollon, Clemenu, Celestin, Montplasin, Le Veille, Monday, Manarme, January, Napoleon, Marie Louise, Zue, Marie, Louis, Sally, Lorinda, Obadiah, Jenny, Tenlin, Fanny and Guy; and the following additional slaves, to wit: Peter, Rages, Edward, Jeffry, Sam, Abraham, Charles, Charles, David, Polly, Mariel, Lucy Anne, Milly, Courtmay, Eliza, Charlotte, Lydia, Gandy, Milly, Fanny, Celestin's child, Sam, and Lucy's child, specially mortgaged for the payment of the said debt of twenty thou-

sand dollars, with interest, &c.; that the said mortgage be declared executory against the heirs of the said widow Stephen Waters Zacharie; and that the said plantation and slaves now in the possession of Theodore Zacharie, one of said heirs, be seized and sold according to law, to satisfy said debt and costs; but that no execution shall issue on this judgment until the plaintiff shall file in court, as he offered to do on the trial of the cause, his bond with security to the satisfaction of the court, against any claim of the heirs of P. Belly, in John Baptiste Belly, surnamed De Lorme, and Marguerite Belly, to the plantation and slaves aforesaid.

It is further ordered and decreed, that the judgment affirming the security rendered in the case be reversed, and the cause on this point remanded to the District Court, with direction to the judge, not to refuse the defendants permission to take down in court, the evidence which they may offer in support of their exceptions; and it is further ordered, that the appellees pay the cost of this appeal.